**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **TRANS-HIGH CORPORATION, INC.** | § | |
| **d/b/a High Times,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **Civil Action No.** |
| | § | |
| **SHARIK KERAWALA, d/b/a IQRA** | § | **JURY DEMANDED** |
| **GROUP, HIGH TIMES LIFESTYLE** | § | |
| **and/or HIGH TIMES SMOKESHOP;** | § | |
| **SHALOM TRADING, LLC d/b/a HIGH** | § | |
| **TIMES LIFESTYLE and/or HIGH** | § | |
| **TIMES SMOKESHOP and; JOHN** | § | |
| **DOES 1-10 and XYZ CORPORATIONS** | § | |
| **1-10,** | § | |
| *Defendants*. | § | |

## COMPLAINT

Plaintiff, Trans-High Corporation, Inc., for its Complaint against Defendants, Sharik Kerawala doing business as Iqra Group, High Times Lifestyle and High Times Smokeshop; Shalom Trading, doing business as High Times Lifestyle and High Times Smokeshop; John Does 1-10; and XYZ Corporations 1-10, hereby alleges as follows:

## NATURE OF ACTION

1.     Plaintiff brings this action for (i) trademark infringement in violation of § 32(1) of the Lanham Act, 15 U.S.C. § 1114; (ii) false representations, descriptions and designations of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) trademark cyberpiracy under the Anticybersquatting Consumer Protection Act/Trademark Cyberpiracy Prevention Act, in violation of Section 43(d)(1), 15 U.S.C. § 1125(d)(1) of the Lanham Act; (iv) unfair competition in violation of the common law of the State of Texas; and (v) trademark infringement in violation of the common law of the State of Texas.

2.     For many years, Plaintiff has marketed its well-known publication HIGH TIMES magazine and various goods and services related to the subject of marijuana, drug law reform

and alternative lifestyles, under its distinctive HIGH TIMES and related trademarks.  Among the goods and services long sold under the HIGH TIMES mark are books, clothing, posters, smokers' articles and retail services.

3.      Plaintiff brings this action for damages and injunctive relief, among other reasons, (i) to prevent Defendants from infringing Plaintiff's trademarks and deceiving the public and (ii) to obtain damages and other appropriate relief resulting from the violations as set forth herein.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the claims arising under the Lanham Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

5.      This Court has supplemental jurisdiction over the claims arising under the laws of the State of Texas pursuant to 28 U.S.C. § 1367.

6.      Venue is proper pursuant to 28 U.S.C. § 1391 because one or more of the Defendants resides in this District and acts giving rise to this action are taking place in this District.

## THE PARTIES

7.      Plaintiff is a corporation organized and existing under the laws of the State of New York, with offices located at 250 West 57th Street, Suite 920, New York, New York 10107.

8.      Plaintiff is engaged, *inter alia*, in the business of publishing HIGH TIMES magazine, in organizing and hosting marijuana-themed festivals, seminars, contests and other events throughout the United States and around the world, and in merchandising and selling a wide variety of related goods and services.

9.      Upon information and belief, Defendant Sharik Kerawala, ("Kerawala") is an individual residing at 9060 Mustang Way, Argyle, Texas 76226, who owns and operates and

solely directs marijuana-themed retail establishments that sell marijuana-related smoking accessories, jewelry, paraphernalia, novelties and other goods and is the active and driving force behind those establishments.

10.     Upon information and belief, Shalom Trading LLC ("Shalom Trading") is a Texas Limited Liability Company with addresses of 11532 Harry Hines Boulevard, Dallas Texas 75229, 1209 S. Cooper Street, Arlington Texas 76010 and 229 West Hickory Street, Denton, Texas 76201. Shalom Trading may be served with process c/o Sharik Kerawala its registered agent residing at 9060 Mustang Way, Argyle, Texas 76226,

11.     Upon information and belief, Defendants John Does 1-10 ("John Does") are individuals who reside or do or transact business in this District, and have engaged and participated, directly or contributorily, in the unlawful acts set forth herein.  The true identities of Defendants John Does 1-10 are not presently known to Plaintiff.  Plaintiff will amend its complaint upon discovery of the identities of such Defendants.

12.     Upon information and belief, Defendants XYZ Corporations 1-10 ("XYZ Corps") are businesses that reside or do or transact business in this District, and have engaged and participated, directly or contributorily, in the unlawful acts set forth herein.  The true identities of Defendants XYZ Corporations 1-10 are not presently known to Plaintiff.  Plaintiff will amend its complaint upon discovery of the identities of such Defendants.  Hereinafter Sharik Kerawala doing business as Iqra Group, High Times Lifestyle and High Times Smokeshop; Shalom Trading, doing business as High Times Lifestyle and High Times Smokeshop; John Does; and XYZ Corporations are sometimes referred to collectively as "Defendants."

## FACTUAL BACKGROUND

*Plaintiff's Business and Trademarks*

13.     Plaintiff has been publishing HIGH TIMES magazine, a monthly periodical, since 1974.  HIGH TIMES magazine is widely recognized as the largest and most influential publication in the world focusing on the medical and recreational uses of marijuana and the reformation of drug laws.  Celebrities such as Arnold Schwarzenegger, Oliver Stone, Bob Dylan, Jerry Garcia, Jimmy Buffet, Jack Black, Sacha Baron Cohen, Woody Harrelson, Mick Jagger and Bob Marley have been featured on the cover of the magazine, and some of the leading literary and cultural voices of the 20th Century, such as writers William S. Burroughs, Truman Capote, Hunter S. Thompson and Bruce Jay Friedman, visual artist Andy Warhol, musicians Frank Zappa, Joey Ramone and Peter Tosh, and political activist Jerry Rubin, among many others, have contributed material to the publication.

14.     Plaintiff, in addition to being the publisher of HIGH TIMES magazine, is the organizer and promoter of several festival events, including the HIGH TIMES CANNABIS CUP events.

15.     Plaintiff has used marks including the terms HIGH TIMES and CANNABIS CUP in connection with its sponsorship and organization of well-known and highly publicized events and competitions, such as the international CANNABIS CUP event held annually in Amsterdam since 1987, and the MEDICAL CANNABIS CUP event, first held in San Francisco, California in 2010.  Additional MEDICAL CANNABIS CUP events were held as follows: Denver, Colorado, Los Angeles, California and Detroit, Michigan in 2011; San Francisco, California, Los Angeles, California, Denver, Colorado and Seattle, Washington in 2012; Los Angeles, California and San Francisco, California in 2013; and Los Angeles, California, San Francisco, California and Clio, Michigan in 2014.  Plaintiffs U.S. CANNABIS CUP event was first held in Denver,

Colorado and in Seattle, Washington in 2013 and in Denver, Colorado and Seattle Washington in 2014.

16.     Plaintiff owns the following United States trademark applications and registrations for marks that comprise or contain HIGH TIMES: Registration Nos. 4,069,371, 2,766,982, 1,883,561, 2,386,838, 3,025,055, 2,856,379, 3,815,134, 3,515,068, 3,494862, 3,333,713 and Application Serial Nos. 86/097,993, 86/278,717; 86/174,495; 86/258,769; 86/278,770; 86/205,092; and 86/205,130.

17.     Plaintiff is also the owner of a number of domain names that incorporate Plaintiff's HIGH TIMES Marks, including HIGHTIMES.COM, HIGHTIMESCANNABISCUP.COM and MISSHIGHTIMES.COM.

18.     As a result of Plaintiff's widespread use of its HIGH TIMES marks in connection with its products and services, Plaintiff's substantial investment of time, money and effort in advertising and promoting its HIGH TIMES marks and the services offered thereunder, and the unsolicited media attention the HIGH TIMES marks have received, the HIGH TIMES marks have developed substantial public recognition among members of the consuming public.

19.     As such, the HIGH TIMES marks operate as unique source identifiers associated with Plaintiff and its products and services, and possess significant goodwill of great value to Plaintiff.

20.     There is no brand in the world of marijuana that is better known than HIGH TIMES.

*Defendants' Unlawful Activities*

21.     Defendants operate marijuana-themed retail stores under the names HIGH TIMES LIFESTYLE with locations of 1209 S. Cooper Street, Arlington, Texas 76010 and 229 West

Hickory Street, Denton, Texas 76201 (together, "Defendants' Stores") and upon information and belief operate retail stores at additional addresses.

22.     Defendants' HIGH TIME LIFESTYLE mark (the "Infringing Mark") is confusingly similar to Plaintiff's HIGH TIMES marks and conveys the same commercial impression.

23.     Upon information and belief, Defendants adopted and used the Infringing Mark in an attempt to trade upon Plaintiff's intellectual property, reputation and goodwill by using the Infringing Mark in an effort to mislead the public into thinking that Defendants are affiliated with or licensed by Plaintiff.

24.     Defendants also own and operate a marijuana-themed retail website with an address of www.thehightimeslifestyle.com ("Defendants' Website").

25.     Defendants' stores and Defendants' website offer for sale and sell marijuana-related smoking accessories, jewelry, paraphernalia novelties and other goods and services under the name and mark "HIGH TIMES LIFESTYLE."

26.     Defendants' stores and Defendants' website target the same market as Plaintiff targets.

27.     Given the near-identical nature of the Infringing Mark to the HIGH TIMES marks, and the goods and services they respectively designate, consumers familiar with Plaintiff's HIGH TIMES goods and services will likely assume, incorrectly, that Defendants' services originate with Plaintiff, or that there is an affiliation between the parties, or that Plaintiff has sponsored, endorsed, or approved Defendants' services.

28.     Use of the Infringing Mark in connection with Defendants' services is likely to cause confusion as to the source and origin of Defendants' services and to cause mistake, or to

deceive the public by misleading consumers into believing that Defendant's services emanate from, are approved, authorized, endorsed or sponsored by, or are in some way associated or connected with Plaintiff.

29.     On information and belief, Defendants were aware of Plaintiff's HIGH TIMES marks prior to their use of the Infringing Mark, but chose nevertheless to violate Plaintiffs' rights with regard to those marks.

30.     Upon information and belief, Defendants registered the domain name, www.hightimeslifestyle.com (the "Domain Name"), with the registrar GO DADDY.

31.     The GO DADDY registrant name, administrative name and tech names are all designated "private."

32.     Upon information and belief, Defendant Kerwala authorized and controlled the registration of the Domain Name.

33.     Without receiving authorization from Plaintiff, Defendants' website at www.hightimeslifestyle.com advertises and promotes Defendants' goods and services.

34.     Upon information and belief, at the time of Defendant's registration of the Domain Name and the Defendants' use of the domain name www.hightimeslifestyle.com, Defendants had actual knowledge of Plaintiff's rights in the HIGH TIMES marks.

35.     Upon information and belief, Defendants' purpose in registering the Domain Name and using the www.hightimeslifestyle.com domain name was wrongfully to misappropriate the goodwill symbolized by the HIGH TIMES marks and/or to sell the Domain Name for profit.

36.     On October 8, 2014, Plaintiff's counsel, David Holland sent letter to Defendants advising them that their use of HIGH TIMES violated Plaintiff's exclusive rights in the HIGH TIMES marks and demanding that Defendants cease any and all use of HIGH TIMES in connection with Defendants' marijuana-themed services.

37.     Defendant Kerawala replied by letter dated October 10, 2014: "Wrong name, return to sender" and "There has been a mistake we are not The High Times Smokeshop."

38.     Thereafter, Plaintiff's counsel, Mr. Holland, called Mr. Kerawala.  Mr. Kerawala refused to cease using the Infringing Mark and stated "I defy you to sue me."

## FIRST CAUSE OF ACTION

## (TRADEMARK INFRINGEMENT – FEDERAL)

39.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 38 hereof with the same force and effect as if fully set forth herein.

40.     This claim arises under the provisions the Lanham Act, 15 U.S.C. § 1114(1), and is for infringement of registered trademarks.

41.     Defendants' use of the Infringing Mark is intended to capitalize on the good will and reputation of Plaintiff's registered HIGH TIMES Marks.

42.     The activities of Defendants complained of herein constitute willful and intentional infringement of Plaintiff's HIGH TIMES Marks.

43.     The activities of Defendants complained of herein constitute willful and intentional infringement of Plaintiff's HIGH TIMES Marks in disregard of Plaintiff's rights, and were commenced and have continued in spite of Defendants' knowledge that the unauthorized use of Plaintiff's HIGH TIMES Mark, or a copy or colorable imitation thereof, was, and is, in direct contravention of Plaintiff's rights.

44.     Defendants' use in commerce of Plaintiff's HIGH TIMES Marks is without the consent of the Plaintiff, is likely to cause confusion and mistake in the minds of the purchasing public and, in particular, tends to, and does, create the impression that Defendants' products and services emanate from, are approved or sponsored by, or are in some way associated or connected with Plaintiff's products and services, when in fact they are not.

45.     Plaintiff has no adequate remedy at law and is suffering immediate and irreparable harm and damage as a result of the acts of Defendants complained of herein in an amount thus far not determined.

## SECOND CAUSE OF ACTION
## (UNFAIR COMPETITION – FEDERAL)

46.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 45 hereof with the same force and effect as if fully set forth herein.

47.     This claim arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and alleges the use in commerce of false designations of origin in false descriptions in representations.

48.     Defendants have used in commerce, and will continue use in commerce, in connection with their sale and marketing of services and products, false designations of origin and false designations, words, which tend falsely to describe or represent that such services and products are Plaintiff's services or products or are approved or sponsored by Plaintiff, and/or that Defendants are affiliated, sponsored, owned or controlled by Plaintiff, and have caused or will cause such services and products to enter into commerce with full knowledge of the falsity of such misleading designations of origin in such descriptions and representations, all to the detriment of Plaintiff.

49.    Upon information and belief, Defendants have offered or will offer for sale services and products using copies, or colorable imitations, of Plaintiff's HIGH TIMES Marks with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the reputation of Plaintiff, and improperly to appropriate the valuable trademark rights of Plaintiff.

50.    Plaintiff has no adequate remedy at law, and is suffering immediate and irreparable harm and damage as a result of the acts of Defendants complained of herein in an amount thus far not determined.

## THIRD CAUSE OF ACTION

## (CYBERPIRACY)

51.    Plaintiff repeats the allegations set forth in paragraphs 1 through 50 above with the same force and effect as if set forth fully herein.

52.    This claim arises under the provisions of the Lanham Act, 15 U.S.C. § 1125(d), and is for the prevention of cyberpiracy.

53.    Defendants have registered, trafficked in and/or used the Domain Name in a bad faith attempt to profit from the HIGH TIMES marks, which had become distinctive and famous long prior to Defendants' registration of the Domain Name.

54.    Plaintiff has no adequate remedy at law and is suffering immediate and irreparable harm and damage as a result of the acts of Defendants complained of herein in an amount thus far not determined.

## FOURTH CAUSE OF ACTION

## (UNFAIR COMPETITION – TEXAS COMMON LAW)

55.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 54 hereof with the same force and effect as if fully set forth herein.

56.     This claim arises under the common law of the State of Texas relating to trademark infringement and unfair competition.

57.     Defendants, doing business in Texas, will compete with Plaintiff in Texas, but will do so by offering infringing services.  Defendants' conduct constitutes the passing off, or attempted passing off, upon the public, of the goods, services and the business of the Defendants as the goods, services and business of the Plaintiff.  Such acts are calculated to mislead the consuming public, are likely to cause confusion with regard to source, and are harmful to the business reputation and goodwill of the Plaintiff.

58.     Defendants' aforesaid activities constitute unfair competition under Texas common law.

59.     Plaintiff has been damaged by Defendants' actions in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

## (TRADEMARK INFRINGEMENT – TEXAS COMMON LAW)

60.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 59 hereof with the same force and effect as if fully set forth herein.

61.     This claim arises under the common law of the State of Texas relating to trademark infringement.

62.    Plaintiff and/or Plaintiff's licensees were the first persons and/or entities to use the HIGH TIMES marks in the State of Texas and in the United States in association with various commercial goods and services.  As a result of the continued licensing and sale of products and services by Plaintiff under the HIGH TIMES marks, these marks have become widely known and Plaintiff and/or Plaintiff's licensees have become identified in the public mind as the source or sponsor of the services and goods to which such marks are applied.  The Defendants, without the consent or authorization of the Plaintiff, have used reproductions, counterfeits, copies or colorable imitations of Plaintiff's marks on services offered and goods produced, distributed, sold or offered for sale in Denton and Tarrant Counties; such use is likely to cause confusion or mistake as to the source or origin of such goods and services.

63.    Defendants' aforesaid actions constitute trademark infringement under Texas common law.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

A.    That a preliminary and permanent injunction be entered against Defendants and their agents, servants, representatives, employees, successors and/or assigns, and all persons or companies in active concert and/or participation with them, preliminarily and permanently enjoining them from (i) using any marks, including but not limited to HIGH TIMES, or any other terms, comprising or containing the term HIGH TIMES alone or with other elements, or any marks confusingly similar to the HIGH TIMES Marks, or which are likely to suggest a connection with Plaintiff, or committing any other act, which falsely represents or which has the effect of falsely representing that the goods or services of Defendants or of any third party are licensed, authorized by, endorsed or in any way associated with Plaintiff; (ii) committing any other acts which falsely represent or which have the effect of falsely representing that Defendants and their services are associated with, authorized, endorsed or sponsored by Plaintiff;

or (iii) otherwise competing unfairly with HIGH TIMES or retaining the benefits of any past unfair competition;

B.      That pursuant to 15 U.S.C. § 1116(a), Defendants be directed to file with the Court and serve upon Plaintiff, within 30 days after the service on Defendants of any injunction issued in this action, a report in writing and under oath setting forth in detail the manner and form in which they have complied with the provisions set forth in Paragraph A;

C.      That Defendants be directed to account to Plaintiff for all gains, profits and advantages derived from their wrongful acts, together with interest thereon;

D.      That Plaintiff be awarded such damages as Plaintiff has sustained as a consequence of Defendants' infringement of the HIGH TIMES Marks;

E.      That as exemplary damages pursuant to 15 U.S.C. §§ 1117(b) and 1125(c)(2), Plaintiff recover from Defendants three times the amount of Defendants' profits or Plaintiff's damages, whichever is greater, for willful infringement;

F.      That the Court find this to be an exceptional case and order that Defendants pay to Plaintiff all costs and expenses incurred in this action, together with reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1117(a); and

G.      Granting Plaintiff such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury of this action.

Dated this 19th day of November, 2014

Respectfully submitted,

_/s/ John M. Cone_____

John M. Cone
State Bar No. 04660100
Megan M. O'Laughlin
State Bar No. 24013263
HITCHCOCK EVERT, LLP
750 North St. Paul Street, Suite 110
Dallas, Texas 75201
Tel: (214) 880-7002
Fax: (214) 953-1121
jcone@hitchcockevert.com
molaughlin@hitchcockevert.com

Kieran G. Doyle *(pro hac vice application to be filed)*
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, New York 10036
Tel: (212)790-9200
Fax: (212) 575-0671
kgd@cll.com

*Attorneys for Plaintiff Trans-High Corporation, Inc.*