# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **TRANS-HIGH CORPORATION INC.,** | § | |
| **d/b/a High Times,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:14-cv-00752** |
| | § | |
| **SHARIK KERAWALA, d/b/a IQRA** | § | **JURY TRIAL DEMANDED** |
| **GROUP, HIGH TIMES LIFESTYLE** | § | |
| **and/or HIGH TIMES SMOKESHOP;** | § | |
| **SHALOM TRADING, LLC d/b/a HIGH** | § | |
| **TIMES SMOKESHOP and; JOHN DOES** | § | |
| **1-10 and XYZ CORPORATIONS 1-10,** | § | |
| *Defendants.* | § | |

## DEFENDANTS' ANSWER
## TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendants Sharik Kerawala ("Kerawala") and Shalom Trading, LLC d/b/a High Times Lifestyle ("Shalom" and, collectively with Kerawala, "Defendants") file this Answer ("Answer") to Plaintiff Trans-High Corporation, Inc.'s ("Plaintiff") Original Complaint and Demand for Jury Trial ("Complaint").

## RESPONSES TO ALLEGATIONS

1.      Defendants admit that Plaintiff brings the claims asserted in paragraph 1, but deny liability for any such claims.

2.      Defendants are without knowledge or information sufficient to form a belief about the truth or falsity of, and on that basis deny, the allegations in paragraph 2.

3.      Defendants admit that Plaintiff is seeking damages and injunctive relief, but are without knowledge or information sufficient to form a belief about the truth or falsity of, and on that basis deny, the allegations in paragraph 3.

4.     Defendants admit that this Court has subject matter jurisdiction over Plaintiff's claims as alleged and otherwise deny the allegations in paragraph 4.

5.      Defendants admit that this Court has supplemental jurisdiction over Plaintiff's claims as alleged and otherwise deny the allegations in paragraph 5.

6.     Paragraph 6 contains conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that venue is proper in this district and division and that Shalom Trading does business in this judicial district, and otherwise deny the allegations in paragraph 6.

7.     Defendants are without knowledge or information sufficient to form a belief about the truth or falsity of, and on that basis deny, the allegations in paragraph 7.

8.     Defendants are without knowledge or information sufficient to form a belief about the truth or falsity of, and on that basis deny, the allegations in paragraph 8.

9.     Defendants deny the allegations in paragraph 9.

10.     Defendants admit that Shalom Trading is a Texas limited liability company with an address of 11532 Harry Hines Boulevard, Suite 300, Dallas, Texas 75229 and that Shalom Trading operates a retail store at 229 West Hickory Street, Denton, Texas 76201. Defendants admit that Kerawala is the registered agent of Shalom Trading. Defendants deny the remaining allegations in paragraph 10.

11.     Defendants are without knowledge or information sufficient to form a belief about the truth or falsity of, and on that basis deny, the allegations in paragraph 11.

12.     Defendants are without knowledge or information sufficient to form a belief about the truth or falsity of, and on that basis deny, the allegations in paragraph 12.

13.     Defendants are without knowledge or information sufficient to form a belief about the truth or falsity of, and on that basis deny, the allegations in paragraph 13.

14.     Defendants are without knowledge or information sufficient to form a belief about the truth or falsity of, and on that basis deny, the allegations in paragraph 14.

15.     Defendants are without knowledge or information sufficient to form a belief about the truth or falsity of, and on that basis deny, the allegations in paragraph 15.

16.     Defendants are without knowledge or information sufficient to form a belief about the truth or falsity of, and on that basis deny, the allegations in paragraph 16.

17.     Defendants are without knowledge or information sufficient to form a belief about the truth or falsity of, and on that basis deny, the allegations in paragraph 17.

18.     Defendants are without knowledge or information sufficient to form a belief about the truth or falsity of, and on that basis deny, the allegations in paragraph 18.

19.     Defendants are without knowledge or information sufficient to form a belief about the truth or falsity of, and on that basis deny, the allegations in paragraph 19.

20.     Defendants are without knowledge or information sufficient to form a belief about the truth or falsity of, and on that basis deny, the allegations in paragraph 20.

21.     Defendants admit that Shalom Trading operates a retail store under the name HIGH TIMES LIFESTYLE located at 229 West Hickory Street, Denton, Texas 76201, and that IORA Group, LLC operates a retail store under the name HIGH TIMES LIFESTYLE located at 1209 S. Cooper Street, Arlington, Texas 76010, but otherwise deny the allegations in paragraph 21.

22.     Defendants deny the allegations in paragraph 22.

23.     Defendants deny the allegations in paragraph 23.

24.     Defendants admit that Defendants own and operate a website with an address of *www.thehightimeslifestyle.com*, but otherwise deny the remaining allegations in paragraph 24.

25.     Defendants deny the allegations in paragraph 25.

26.     Defendants are without knowledge or information sufficient to form a belief about the truth or falsity of, and on that basis deny, the allegations in paragraph 26.

27.     Defendants are without knowledge or information sufficient to form a belief about the truth or falsity of, and on that basis deny, the allegations in paragraph 27.

28.     Defendants are without knowledge or information sufficient to form a belief about the truth or falsity of, and on that basis deny, the allegations in paragraph 28.

29.     Defendants deny the allegations in paragraph 29.

30.     Defendants deny the allegations in paragraph 30.

31.     Defendants are without knowledge or information sufficient to form a belief about the truth or falsity of, and on that basis deny, the allegations in paragraph 31.

32.     Defendants deny the allegations in paragraph 32.

33.     Defendants deny the allegations in paragraph 33.

34.     Defendants deny the allegations in paragraph 34.

35.     Defendants deny the allegations in paragraph 35.

36.     Defendants admit that Plaintiff's counsel ("Holland") sent a letter dated October 8, 2014, but otherwise deny the allegations in paragraph 36.

37.     Defendants admit that Kerawala informed Holland that he had incorrectly identified Defendants in the letter and that Defendants do not operate as "The High Times Smokeshop," but otherwise deny the allegations in paragraph 37.

38.     Defendants admit that Holland called Kerawala. Defendants also admit that Holland said Kerawala lied to him and demanded that Kerawala cease using Plaintiff's trademarks or he would sue Kerawala. Defendants admit that Kerawala responded to Holland by saying "I defy you to sue me." Defendants deny the remaining allegations in paragraph 38.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT – FEDERAL

39.     In response to the allegations in paragraph 39, Defendants repeat and incorporate by reference their responses in paragraphs 1 through 38 above.

40.     Defendants deny the allegations in paragraph 40.

41.     Defendants deny the allegations in paragraph 41.

42.     Defendants deny the allegations in paragraph 42.

43.     Defendants deny the allegations in paragraph 43.

44.     Defendants deny the allegations in paragraph 44.

45.     Defendants deny the allegations in paragraph 45.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION – FEDERAL

46.     In response to the allegations in paragraph 46, Defendants repeat and incorporate by reference their responses in paragraphs 1 through 45 above.

47.     Defendants deny the allegations in paragraph 47.

48.     Defendants deny the allegations in paragraph 48.

49.     Defendants deny the allegations in paragraph 49.

50.     Defendants deny the allegations in paragraph 50.

**THIRD CAUSE OF ACTION**
**CYBERPIRACY**

51.    In response to the allegations in paragraph 51, Defendants repeat and incorporate by reference their responses in paragraphs 1 through 50 above.

52.    Defendants deny the allegations in paragraph 52.

53.    Defendants deny the allegations in paragraph 53.

54.    Defendants deny the allegations in paragraph 54.

**FOURTH CAUSE OF ACTION**
**UNFAIR COMPETITION – TEXAS COMMON LAW**

55.    In response to the allegations in paragraph 55, Defendants repeat and incorporate by reference their responses in paragraphs 1 through 54 above.

56.    Defendants deny the allegations in paragraph 56.

57.    Defendants admit that they do business in Texas, but deny the remaining allegations in paragraph 57.

58.    Defendants deny the allegations in paragraph 58.

59.    Defendants deny the allegations in paragraph 59.

**FIFTH CAUSE OF ACTION**
**TRADEMARK INFRINGEMENT – TEXAS COMMON LAW**

60.    In response to the allegations in paragraph 60, Defendants repeat and incorporate by reference their responses in paragraphs 1 through 59 above.

61.    Defendants deny the allegations in paragraph 61.

62.    Defendants are without knowledge or information sufficient to form a belief about the truth or falsity of, and on that basis deny, the allegations in paragraph 62.

63.    Defendants deny the allegations in paragraph 63.

64.     Defendants deny each and every allegation in the Complaint not hereinabove specifically admitted, specifically denied, or denied on the basis of insufficient knowledge or information.

### DEFENSES

65.     Plaintiff is not entitled to an injunction because it has failed to show a real and immediate threat of future harm.

66.     Even if Plaintiff can prove some or all of the allegations contained in the Complaint, Defendants are not liable because Plaintiff has failed to mitigate any alleged damages, or Plaintiff's alleged damages should be reduced.

67.     Even if Plaintiff can prove some or all of the allegations contained in the Complaint, Plaintiff is not entitled to injunctive relief because there is no justiciable controversy or need for injunctive relief.

68.     Plaintiff fails to state a claim upon which relief can be granted.

69.     Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel and acquiescence.

70.     Plaintiff's claims are barred in whole or in part by the doctrine of laches.

71.     Plaintiff's claims and requested relief are barred in whole or in part because Defendants' actions were at all times in good faith.

72.     Kerawala is not liable to Plaintiff in the capacity in which he has been sued, or otherwise.

73.     Plaintiff cannot recover exemplary damages because Plaintiff has failed to plead and cannot prove by clear and convincing evidence the requirements for recovery of such damages under Section 41.003 of the Texas Civil Practice & Remedies Code.

74.     Any claim for exemplary damages is subject to the limitation in Section 41.008 of the Texas Civil Practices & Remedies Code.

75.     Any claim for exemplary damages is barred or limited by the Due Process Clause of the Fifth Amendment to the United States Constitution.

76.     Plaintiff is not entitled to an award of attorneys' fees because Plaintiff has failed to plead and cannot prove the requirements for recovery of attorneys' fees.

77.     Defendants reserve the right to add such other affirmative defenses as may become known to Defendants through the course of discovery and investigation of this matter.

### RIGHT TO AMEND

78.     Defendants reserve the right to further amend and/or supplement this Answer at a future date as allowed by the Federal Rules of Civil Procedure.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray that Plaintiff's Original Complaint be dismissed with prejudice, that Plaintiff takes nothing by virtue of the claims against Defendants, that the Court award Defendants their attorneys' fees and costs, that judgment be entered in their favor, and grant them all other relief to which they are entitled both in law and in equity.

Dated this 17th day of December, 2014.

Respectfully submitted,

_____*/s/ Dyan M. House*_____
Dyan M. House
*dhouse@carterscholer.com*
Texas Bar No. 24036923
Linda R. Stahl
*lstahl@carterscholer.com*
Texas Bar No. 00798525
**CARTER SCHOLER ARNETT**
**HAMADA & MOCKLER, PLLC**

8150 N. Central Expy., 5th Floor
Dallas, Texas 75206
Telephone: (214) 550-8188
Telecopier: (214) 550-8185

**ATTORNEYS FOR DEFENDANTS SHARIK KERAWALA AND SHALOM TRADING, LLC D/B/A HIGH TIMES LIFESTYLE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on all known counsel of record via the Court's CM/ECF filing on December 17, 2014, pursuant to Local Rule CV-5(a)(3).

 */s/ Dyan M. House*
Dyan M. House